IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ANTHONY JOHNSON, SR.
#362241                                            *
    Plaintiff
                                                                        *
        v.                                    CIVIL ACTION NO.  JKB-11-2449
                                                                          *
ARCH MCFADDEN
    Defendant                                    *
                                                                         ******

## **MEMORANDUM**

Seeking damages, self-represented plaintiff Michael Anthony Johnson, Sr., filed suit under 42 U.S.C. § 1983 against Wicomico County Deputy Public Defender Arch McFadden, alleging that McFadden failed to communicate a plea offer to him that would have lessened the length of his incarceration.  ECF No. 1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Because plaintiff has been granted leave to proceed in forma pauperis, this court may review the claim presented in the complaint prior to service of process and dismiss the case if it has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S.C. § 1983.  Specifically, plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Because there is no allegation that defendant McFadden, a state public defender, was acting under color of law, the claim against him shall be dismissed.  *See Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (no state action in the conduct of public defenders and attorneys appointed by the State of Maryland).

The Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal --
>     (i)    is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party immune from such relief and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). This dismissal will constitute plaintiff's "first strike" under the PLRA.

A separate order shall be entered in accordance with this memorandum.

DATED this 9th day of September, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge